# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| VICTOR TAGLE, <br><br> Plaintiff, <br><br> v. <br><br> DEPARTMENT OF HOMELAND SECURITY, <br><br> Defendant. | Case No. 2:15-cv-02506-APG-VCF <br><br> **ORDER ON REPORT AND RECOMMENDATION** <br><br> (ECF No. 12) |

On April 5, 2016, Magistrate Judge Ferenbach entered a report and recommendation that I dismiss Tagle's complaint with prejudice. ECF No. 12. Tagle did not file an objection. Thus, I am not obligated to conduct a de novo review of the report and recommendation. 28 U.S.C. § 636(b)(1) (requiring district courts to "make a de novo determination of those portions of the report or specified proposed findings to which objection is made"); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise" (emphasis in original)).

I nevertheless conducted a de novo review. 28 U.S.C. § 636(b)(1). Tagle's complaint is difficult to understand but he appears to be requesting this court naturalize him as a United States citizen. As Judge Ferenbach noted in his report and recommendation, district courts no longer have the power to naturalize in the first instance. ECF No. 12 at 2.

However, district courts have some limited jurisdiction to review naturalization petitions where the Attorney General denies the petition or where the naturalization decision is not timely made. *See* 8 U.S.C. §§ 1421(c), 1447(b). Tagle does not allege he is seeking review of the denial of his naturalization petition after a hearing before an immigration judge or that the defendant failed to timely decide his naturalization application. Indeed, he does not allege he ever filed a

naturalization petition with the Attorney General.  Instead, he references various interactions he has had with Immigration and Naturalization Service directors and other agency personnel throughout the years.  I therefore dismiss his complaint.

However, I will grant Tagle another opportunity to allege facts, if such facts exist, that he previously submitted an application for naturalization to the Attorney General under 8 U.S.C. § 1445(a), and either:

(1) that application was denied (and the reason for that denial)[1] after a hearing with an immigration officer under 8 U.S.C. § 1447(a), and Tagle seeks review of that denial under 8 U.S.C. § 1421(c); or

(2) the Attorney General has not made a determination, more than 120 days have passed since the examination required under § 1446, and Tagle requests this court to determine the matter under 8 U.S.C. § 1447(b).

Tagle's amended complaint, if one is filed, must allege such facts with specificity.  But if Tagle never submitted a naturalization application to the Attorney General, I cannot consider his request that this court naturalize him.

IT IS THEREFORE ORDERED that Magistrate Judge Ferenbach's report and recommendation **(ECF No. 12) is accepted with the modification** that I will grant Tagle another opportunity to amend his complaint consistent with the directions in this order.  Tagle must file his amended complaint **on or before June 3, 2016** or his complaint will be dismissed with prejudice.

DATED this 3rd day of May, 2016.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[1] Where the administrative denial is made under § 1429 based on pending removal proceedings, my review is limited to that determination, not a review of the merits of the naturalization petition. *De Lara Bellajaro v. Schiltgen*, 378 F.3d 1042, 1046-47 (9th Cir. 2004), *as amended* (Sept. 1, 2004).