**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

VICTOR TAGLE,

            Plaintiff,

vs.

DEPARTMENT OF HOMELAND SECURITY,

            Defendant.

Case No. 2:15-cv-02506-APG-VCF

**ORDER**

SECOND AMENDED COMPLAINT (ECF NO. 35)

Before the Court is Victor Tagle's second amended complaint. (ECF No. 35). Tagle's motion to proceed *in forma pauperis* has already been granted (ECF No. 2 at 1), but his previous complaints have failed to pass the Court's screening pursuant to 28 U.S.C. § 1915. For the reasons discussed below, Tagle may proceed in this action with his second amended complaint.

This case revolves around Tagle's efforts to be naturalized as a United States citizen. In his second amended complaint, Tagle alleges he was provided with forms and applications regarding citizenship by the United States Attorney General's Office, the Board of Immigration Appeals "willingly, knowingly, and feloniously held the documents needed for such application, [and] as a result, [Tagle] was 2-3 days behind schedule and the U.S. A.G. denied citizenship." (ECF No. 35 at 1). Tagle also alleges the Department of Homeland Security and Immigration and Naturalization Service wrongfully accused him of violating Immigration and Naturalization Service's regulations in 1990 and failed to classify him as a former member of the United Stated Armed Forces.[1] (*Id.* at 2-4).

---

[1] Tagle's other allegations regarding documents sent to Governor Sandoval's office and tampering with Tagle's mail do not appear to be relevant to the case. (ECF No. 25 at 2-4). The application for citizenship apparently made it to the proper destination—the United States Attorney General's Office.

1

As noted in a previous Order, district courts do not have power to naturalize in the first instance, but "district courts have some limited jurisdiction to review naturalization petitions where the Attorney General denies the petition." (ECF No. 15 at 2). While Tagle's second amended complaint "requests his citizenship immediately" (ECF No. 35 at 4), the Court construes this as a request to review the determination of the United States Attorney General.[2] The first page of the complaint states it is brought under, among other statutes, 8 U.S.C. § 1421. 8 U.S.C. § 1421(c) states, "A person whose application for naturalization under this subchapter is denied, after a hearing before an immigration officer under section 1447(a) of this title, may seek review of such denial before the United States district court."

Construing Tagle's allegations in the light most favorable to him, the Court finds he has asserted a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Tagle asserts that his application for naturalization has been denied. Tagle also provides several potential grounds for the denial that could prove to be unjust—Tagle being denied access to necessary forms, false accusations by the Department of Homeland Security and Immigration and Naturalization Service, and their refusal to classify Tagle as a former member of the United Stated Armed Forces.

ACCORDINGLY, and for good cause,

IT IS ORDERED that the Clerk of the Court shall issue summons to the named defendant(s) and deliver same with copies of the Second Amended Complaint (ECF No. 35) to the U.S. Marshal for service. Plaintiff shall have twenty (20) days in which to furnish to the U.S. Marshal the required Forms USM-285. Within twenty (20) days after receiving from the U.S. Marshal a copy of the Form USM-285 showing

---

[2] Tagle potentially requests other relief that the Court does not have jurisdiction over. Tagle asserts he has been illegally incarcerated, but those allegations are being addressed in another case. (ECF No. 35 at 4). In addition, Plaintiff asks for penal sanctions, but as this is a civil case, the Court has not authority to impose criminal sanctions. (*Id.*)

whether service has been accomplished, plaintiff must file a notice with the Court identifying which defendants were served and which were not served, if any. If plaintiff wishes to have service again attempted on an unserved defendant(s), then a motion must be filed with the Court identifying the unserved defendant(s) and specifying a more detailed name and/or address for said defendant(s), or whether some other manner of service should be attempted. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within 90 days from the date that the Complaint was filed.

IT IS FURTHER ORDERED that henceforth plaintiff shall serve upon defendants or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion or other document submitted for consideration by the court. Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the defendants. The court may disregard any paper received by a district judge or magistrate judge which has not been filed with the Clerk, and any paper received by a district judge, magistrate judge or the Clerk which fails to include a certificate of service

**NOTICE**

Under Local Rule IB 3-2, any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. (*See Thomas v. Arn*, 474 U.S. 140, 142 (1985)). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. (*See Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983)).

Pursuant to LSR 2-2, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party or the party's attorney. **Failure to comply with this Rule may result in dismissal of the action.** (*See* LSR 2-2).

IT IS SO ORDERED.

DATED this 15th day of November, 2017.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE