**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| VICTOR TAGLE,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>DEPARTMENT OF HOMELAND SECURITY,<br><br>　　　　　Defendant. | 2:15-cv-02506-APG-VCF<br>**ORDER** |

Before the Court are Plaintiff's Motions for Extension of Time (ECF No. 68), Re-Issue of USM-285 Form (ECF No. 69), Intervention and Investigation (ECF Nos. 70, 81, 84), Transfer to Clark County Detention Center or Federal Facilities (ECF Nos. 71, 73, 77), Speedy Trial (ECF No. 74), and Motion to Set Hearing (ECF No. 82).

Though the case was filed in 2015, Defendant has not been served. Plaintiff has had repeated difficulties in providing the necessary USM-285 Form to the U.S. Marshal to effectuate service. (ECF No. 66). On August 7, 2018, the Court once again directed Plaintiff to provide the USM-285 Form to the U.S. Marshal and ordered that service "must be accomplished by November 5, 2018." (*Id.*).

Plaintiff now moves to extend time to effectuate service and for a re-issue of the USM-285 Form. (ECF Nos. 68, 69). Plaintiff asserts that the facility where he is being held has repeatedly confiscated his mail and frustrated his attempts to serve Defendant. (*Id.*). Plaintiff was able to file a copy of the USM-285 Form with the Court. (ECF No. 76 at 2). However, on September 12, 2018, the summons was returned unexecuted by the U.S. Marshal for failure to receive the USM-285 Form. (ECF No. 78).

To assist with service in this case, the Court now orders the Clerk's Office to reissue summons to the named defendant(s) herein, and deliver same with copies of the Second Amended Complaint and the USM-285 Form filed by Plaintiff to the U.S. Marshal for service. The deadline to effectuate service is not until November 5, 2018, so the Court denies Plaintiff's motion for extension of time. (ECF No. 68). Because Plaintiff filed a copy of the USM-285 Form with the Court, the Court denies Plaintiff's motion to re-issue the USM-285 Form. (ECF No. 69). The Court also denies Plaintiff's motion to set a hearing, as this order addresses Plaintiff's current concerns regarding service. (ECF No. 82).

Until the Defendant is served, the Court finds that transfer to Clark County Detention Center or federal facilities (ECF Nos. 71, 73, 77) and speedy trial (ECF No. 74) are premature. (*See* ECF No. 57). The Court also denies Plaintiff's motions for intervention and investigation. (ECF Nos. 70, 81, 84). The motions raise issues that are not related to this case. (*Id.*). In addition, the Court is not persuaded that the facility holding Plaintiff is tampering with his mail. The Court notes that Plaintiff has successfully filed 10 documents with the Court in the past two months. (ECF Nos. 68, 72, 76, 77, 79, 80, 81, 82, 84, 85).

Accordingly,

IT IS HEREBY ORDERED that Plaintiff's Motions for Extension of Time (ECF No. 68), Re-Issue of USM-285 Form (ECF No. 69), Intervention and Investigation (ECF Nos. 70, 81, 84), Transfer to Clark County Detention Center or Federal Facilities (ECF Nos. 71, 73, 77), Speedy Trial (ECF No. 74), and Motion to Set Hearing (ECF No. 82) are DENIED.

The Clerk of Court is directed to reissue summons to the named defendant(s) herein, and deliver same with copies of the Second Amended Complaint and the USM-285 Form filed by Plaintiff (ECF No. 76 at 2) to the U.S. Marshal for service. Within twenty (20) days after receiving from the U.S. Marshal a copy of the Form USM-285 showing whether service has been accomplished, plaintiff must file a notice with the Court identifying which defendants were served and which were not served, if any. If plaintiff wishes to have service again attempted on an unserved defendant(s), then a motion must be filed with the Court identifying the unserved defendant(s) and specifying a more detailed name and/or address for said

defendant(s), or whether some other manner of service should be attempted. Service must be accomplished by **November 5, 2018**.

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to Local Special Rule 2-2, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party of the party's attorney. Failure to comply with this Rule may result in dismissal of the action. See LSR 2-2.

DATED this 9th day of October, 2018.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE