# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

***

VICTOR TAGLE,

        Plaintiff,

vs.

DEPARTMENT OF HOMELAND SECURITY,

        Defendant.

2:15-cv-02506-APG-VCF

**ORDER**

Motions for Intervention and Speedy Trial
[ECF Nos. 88, 91, 93, 96, 100, 102, 104]

    Before the Court are Plaintiff Victor Tagle's motions for intervention and speedy trial. (ECF Nos. 88, 91, 93, 96, 100, 102, 104). For the reasons discussed below, Plaintiff's motions are denied.

    Though the case was filed in 2015, Plaintiff had repeated difficulties in providing the necessary USM-285 Form to the U.S. Marshal to effectuate service. (ECF No. 66, 86). Summons was returned executed on December 3, 2018. (ECF No. 92). To date, no answer has been filed. Plaintiff has now filed a multitude of motions seeking default judgment, a speedy trial, or intervention of the Court to deal with numerous issues such as alleged mail tampering. (ECF Nos. 85, 88, 91, 93, 95, 96, 97, 100, 101, 102, 103, 104, 105). The Court notes that significant portions of the motions are illegible, and the Court has interpreted the motions to the best of its ability.

    The first motions seeking default judgment or a speedy trial are still pending. (ECF Nos. 85, 95). Rather than allow the Court the opportunity to rule on these motions, Plaintiff insists on re-filing similar motions. (ECF Nos. 96, 97, 101, 103, 104, 105). The Court is aware of Plaintiff's position on these issues. Motions take time to decide, especially when dealing with complicated issues such as Plaintiff's difficulty

1

in serving Defendants. In addition, it takes longer to decide motions when parties file many motions in a short amount of time that the Court must analyze. Because ECF Nos. 85 and 95 are still pending, the Court denies other motions seeking a speedy trial or default judgment (ECF Nos. 96, 100, 104).

The Court also denies Plaintiff's motions for intervention. (ECF Nos. 88, 91, 93, 100, 102). There is no conspiracy involving the Court to delay or otherwise sabotage Plaintiff's case. The delay in the case was due to Plaintiff's repeated difficulties in providing the necessary USM-285 Form to the U.S. Marshal, which the Court assisted Plaintiff in resolving. (*See* ECF No. 86). The Court is not persuaded that the facility holding Plaintiff or the Clerk's Office is tampering with Plaintiff's mail. The Court notes that Plaintiff has successfully filed 16 documents with the Court since October 15, 2018. (ECF Nos. 88, 90-91, 93, 95-105, 107).

Accordingly,

IT IS HEREBY ORDERED that Plaintiff's motions for intervention and speedy trial (ECF Nos. 88, 91, 93, 96, 100, 102, 104) are DENIED.

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to Local Special Rule 2-2, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party of the party's attorney. Failure to comply with this Rule may result in dismissal of the action. See LSR 2-2.

IT IS SO ORDERED.

DATED this 27th day of March, 2019.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE