# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

## ***

VICTOR TAGLE,

             Plaintiff,

vs.

DEPARTMENT OF HOMELAND SECURITY,

             Defendant.

2:15-cv-02506-APG-VCF

**ORDER AND REPORT AND
RECOMMENDATION**

MOTION FOR INTERVENTION [ECF No. 109]

Before the Court is Plaintiff Victor Tagle's Motion for Court's Intervention.  (ECF No. 109).  For the reasons discussed below, Plaintiff's motion is denied.  In addition, the Court recommends that Plaintiff be deemed a vexatious litigant.

## BACKGROUND

As of May 2, 2019, Plaintiff has filed 60 cases in this District beginning in 2013.[1]  54 of the cases have been closed, though some appeals are still pending.  The Court did not review the substance of each of these cases.  The Court was able to confirm that three of his cases were dismissed for maliciousness or failure to state a claim.  (2:15-cv-02083-RCJ-GWF, ECF No. 8; 2:15-cv-02358-MMD-PAL, ECF No. 3; 2:16-cv-00852-JAD-VCF, ECF No. 7).  Subsequently, 13 of Plaintiff's cases, half of the cases Plaintiff has filed since the beginning of 2017, have been dismissed solely for failure to pay a filing fee as required under 28 U.S.C. § 1915(g).  (2:17-cv-02846-JAD-NJK, ECF No. 5; 2:18-cv-00544-JAD-NJK, ECF No. 23; 2:18-cv-00778-JAD-PAL, ECF No. 5; 2:18-cv-00814-RFB-GWF, ECF No. 7; 2:18-cv-00871-FRB-GWF, ECF No. 5; 2:18-cv-00872-JAD-PAL, ECF No. 5; 2:18-cv-01031-GMN-VCF, ECF No. 7; 2:18-

---

[1] Searching for "Victor Tagle" on CM/ECF brings up 13 matching people.  Based on the handwriting and re-occurring themes in the cases, all 13 matching people are, in fact, the same person.  The Court does note that it found two cases that were apparently filed by the Court in error.  (2:17-cv-02847; 3:17-cv-00675).

cv-02049-GMN-CWH, ECF No. 12; 3:17-cv-00257-RCJ-VPC, ECF No. 26; 3:17-cv-00372-RCJ-WGC, ECF No. 6; 3:17-cv-00497-RCJ-VPC, ECF No. 5; 3:17-cv-00510-MMD-WGC, ECF No. 12; 3:18-cv-00519-MMD-CBC, ECF No. 5).[2]

Six of Plaintiff's cases remain open. (2:15-cv-02082-JCM-VCF, 2:15-cv-02506-APG-VCF, 2:16-cv-00757-JCM-PAL, 2:18-cv-00694-APG-CWH, 2:18-cv-00780-JAD-GWF, 2:18-cv-00815-GMN-CWH). Of these cases, three deal with the handling of Plaintiff's citizenship applications. (2:15-cv-02506, ECF No. 35; 2:18-cv-00694, ECF No. 1-1; 2:18-cv-00815, ECF No. 1-1).

In the instant case, 2:15-cv-02506, Plaintiff has filed a motion for the Court's intervention. (ECF No. 109). This is Plaintiff's sixth such motion in this case. (ECF Nos. 70, 91, 93, 100, 102). The previous five motions were denied. (ECF Nos. 86, 108). The Court was able to locate two motions for intervention from his other open cases which have been denied. (2:15-cv-02082, ECF No. 43 at 2; 2:16-cv-00757, ECF No. 130 at 1-2). Plaintiff has been warned about requesting relief that has already been denied, making frivolous requests, and filing documents that waste the resources of the Court. (2:15-cv-02082, ECF No. 70 at 2; 2:15-cv-02506-APG-VCF, ECF No. 108 at 1-2; 2:16-cv-00757, ECF No. 130 at 1-2).[3]

## ANALYSIS

As an initial matter, the Court denies Plaintiff's motion for intervention. This latest motion for intervention merely re-states allegations raised in other cases. (*Compare* 2:15-cv-02506-APG-VCF, ECF No. 109 *with* 2:18-cv-00694, ECF No. 1-1; 2:18-cv-00815, ECF No. 1-1). The motion asks for an entry of default, even though five motions for default are already pending in this case. (2:15-cv-02506-APG-VCF, ECF Nos. 95, 97, 101, 103, 105, 109). There is no basis for the Court's intervention. Plaintiff's request for default will be addressed based on his pending motions for default.

[2] The Court notes that in one case Plaintiff's *in forma pauperis* application was wrongfully denied because the case was filed before Plaintiff was given his "third strike." (2:16-cv-00757-JCM-PAL; ECF No. 17). However, each of the 13 cases listed above was filed after Plaintiff's third strike.

[3] I will not discuss Plaintiff's history of personally attacking Defense counsel and various officials (2:15-cv-01402-JAD-VCF, ECF No. 202; 2:15-cv-02082-JCM-VCF, ECF No. 70), though it could be another factor for the Court to take into consideration.

Plaintiff's latest motion for intervention continues Plaintiff's pattern of abusing the judicial process. Therefore, the Court recommends deeming Plaintiff a vexatious litigant and limiting his future conduct in any cases he seeks to file in the future and in this case.[4]

A district court has the "inherent power to enter pre-filing orders against vexatious litigants." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007) (citing 28 U.S.C. § 165l(a)). Because a pre-filing order implicates a litigant's right of access to the courts, the court should enter such an extreme remedy "only after a cautious review of the pertinent circumstances." *Id.* Prior to entering a pre-filing order, the court must give the litigant notice and an opportunity to be heard. *Id.* (citing *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990)).

The court must set forth an adequate record for review and make "substantive findings about the frivolous or harassing nature of the plaintiff's litigation." *Id.* "An adequate record for review should include a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed.'" *Id.* at 1059 (quoting *De Long*, 912 F.2d at 1147). To determine whether the litigant's conduct is frivolous or harassing, the court evaluates "both the number and content of the filings as indicia of the frivolousness of the litigant's claims." *Id.* (quotation omitted).

Finally, a pre-filing order "must be narrowly tailored to closely fit the specific vice encountered." *Id.* (quotation omitted). A pre-filing order is overbroad if it prevents the litigant from filing any suit in the court, or applies to a suit against anyone when the record showed the plaintiff was litigious with respect to only one group of defendants. *Id.* at 1061. Whether to enter a pre-filing order against a vexatious litigant lies within the court's discretion. *Id.* at 1056.

As detailed above, half of all Plaintiff's cases filed since the beginning of 2017 have been dismissed solely for failure to pay a filing fee as required under 28 U.S.C. § 1915(g). Plaintiff continues to litigate this issue with the Court, even after the Ninth Circuit Court of Appeals has stated on numerous

---

[4] Though I make no recommendations specific to Plaintiff's other open cases, I note that many of the Court's findings in this case may be applied to those cases.

occasions that the denials of Plaintiff's *in forma pauperis* applications was proper.  (*Compare* 2:18-cv-00544, ECF No. 31 (Order by the Ninth Circuit Court of Appeals stating that the District Court properly denied the *in forma pauperis* application, filed on December 18, 2018) *with* 2:18-cv-02049, ECF No. 14 (motion arguing the Court is biased against Plaintiff, filed on February 11, 2019).

Plaintiff has a long history of re-litigating issues with the Court, such as filing six different motions for intervention in one case.  (2:15-cv-02506 ECF Nos. 70, 91, 93, 100, 102, 109).  Plaintiff also has a history of filing almost identical motions (ECF Nos. 95, 97, 101, 103, 105) and cases (2:18-cv-00694, ECF No. 1-1; 2:18-cv-00815, ECF No. 1-1) before the Court has a chance to rule on the first motion or case.

The Court finds Plaintiff's actions across his many cases to be frivolous and harassing.  Plaintiff is clearly aware of the burden his conduct places upon the Court, and he has not changed his behavior.  Therefore, the Court recommends the following:

1. That Plaintiff be required to seek leave of Court before filing any additional actions in the District of Nevada.

2. That Plaintiff's motions for default in the instant case be stricken, except for the first one filed.  (2:15-cv-02506, ECF Nos. 97, 101, 103, 105).

3. That Plaintiff be prohibited from filing any further motions to change venue, motions for speedy trial, or motions for default until the Court issues a ruling on ECF Nos. 83, 85, and 95.

4. That Plaintiff be prohibited from filing any further motions seeking relief that the Court has already denied, including motions for intervention based on the grounds already raised in Plaintiff's six previous motions for intervention.  (ECF Nos. 70, 91, 93, 100, 102, 109).

Though the Court is raising this issue *sua sponte*, Plaintiff will have notice and a chance to be heard through the objection process.  Plaintiff has previously demonstrated that he understands the objection process.  (*See* ECF Nos. 108, 110).

Accordingly,

IT IS HEREBY ORDERED that Plaintiff's Motion for Court's Intervention (ECF No. 109) is DENIED.

IT IS FURTHER ORDERED that Plaintiff show cause in a timely-filed objection (see NOTICE below) as to why he should not be deemed a vexatious litigant as outlined in this Order and Report and Recommendation.

IT IS HEREBY RECOMMENDED that Plaintiff be deemed a VEXATIOUS LITIGANT.

IT IS FURTHER RECOMMENDED that Plaintiff be required to seek leave of Court before filing any additional actions in the District of Nevada.

IT IS FURTHER RECOMMENDED that Plaintiff's motions for default in the instant case be stricken, except for the first one filed.  (ECF Nos. 97, 101, 103, 105).

IT IS FURTHER RECOMMENDED that Plaintiff be prohibited from filing any further motions to change venue, motions for speedy trial, or motions for default until the Court issues a ruling on ECF Nos. 83, 85, and 95.

IT IS FURTHER RECOMMENDED that Plaintiff be prohibited from filing any further motions seeking relief that the Court has already denied.

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections

within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to LR IA 3-1, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party of the party's attorney. Failure to comply with this Rule may result in dismissal of the action.

IT IS SO ORDERED AND RECOMMENDED.

DATED this 3rd day of May, 2019.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE