UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| VICTOR TAGLE,<br><br>　　　　Plaintiff<br><br>v.<br><br>DEPARTMENT OF HOMELAND SECURITY,<br><br>　　　　Defendant | Case No.: 2:15-cv-02506-APG-VCF<br><br>**Order (1) Denying Plaintiff's Motions to Change Venue, (2) Denying Plaintiff's Motions for Speedy Trial, (3) Denying Plaintiff's Motions for Default Judgment, (4) Extending Deadline to Serve Defendant, and (5) Overruling Plaintiff's Objection to Magistrate Judge's Order**<br><br>[ECF Nos. 83, 85, 95, 97, 98, 101, 103, 105, 110] |

Before the court are plaintiff Victor Tagle's two motions to change venue or transfer facilities (ECF Nos. 83; 98), three motions for speedy trial (ECF No. 85; 103; 105), five motions for default judgment (ECF Nos. 95; 97; 101; 103; 105), and his objection to Magistrate Judge Ferenbach's March 27, 2019 order (ECF No. 110).

Tagle has not yet completed service of process on the defendant in accordance with Federal Rule of Civil Procedure 4(i)(1)-(2), so I deny his motions as premature. I also overrule Tagle's objections to the March 27 order because his objections are either moot or Judge Ferenbach's rulings were not clearly erroneous or contrary to law. Finally, I extend the deadlines to serve the defendant and I warn Tagle that if he does not meet those deadlines, I will dismiss this case.

**I. PROCEDURAL HISTORY**

Although this case was filed more than three and a half years ago, it has not yet moved beyond the initial stages of summons and service. The docket includes nearly 40 motions by

Tagle and nearly 20 orders by the court. It is therefore necessary to provide a summary of the procedural history of this case so that it is clear to Tagle what he must do to properly litigate moving forward.

Tagle filed his original Complaint against the Department of Homeland Security (DHS) on December 31, 2015. ECF No. 1. After reviewing the Complaint, Judge Ferenbach dismissed it with leave to amend for failure to state a claim. ECF No. 2. Judge Ferenbach ordered Tagle to include in his Amended Complaint allegations that Tagle had (1) submitted an application for naturalization to the Attorney General under 8 U.S.C. § 1445(a) and (2) that either the application was denied or 120 days had passed without the Attorney General having made a determination. *Id.* at 1. Four months later, Tagle filed his First Amended Complaint. ECF No. 19. Judge Ferenbach then ordered Tagle to file a Second Amended Complaint because, according to the allegations in the First Amended Complaint, Tagle had only recently submitted his application for naturalization, so he did not yet have a claim. ECF No. 34. Tagle filed his Second Amended Complaint on November 9, 2017. ECF No. 35. This Complaint was screened by Judge Ferenbach on November 15, 2017, and he allowed Tagle to proceed in his action against the DHS. ECF No. 36.

Pursuant to the screening order and Federal Rule of Civil Procedure 4(m), Tagle had 20 days to furnish the U.S. Marshal with the necessary Form USM-285, and 20 days after receiving the Form USM-285 back from the U.S. Marshal to notify the court whether service had been accomplished. *Id.* However, the screening order that was sent to Tagle was returned as undeliverable, and the court subsequently did not hear from Tagle for four months. Because Tagle had not filed a change of address notice, I ordered him to show cause why the case should not be dismissed. ECF No. 45. Two weeks later, Tagle responded to my order and explained that

he had been moved to a facility in Arizona and had not received the court's orders. ECF No. 46. On April 24, 2017, I ordered the clerk of court to send Tagle a copy of the screening order and to issue a summons to the named defendant, and I extended the deadline for accomplishing service and notifying the court whether the defendant was served. ECF No. 47.

On July 10, 2018, the summons was returned unexecuted because the Marshal had not received the required Form USM 285 from Tagle. ECF No. 61. Tagle moved to have the summons reissued, claiming that he was unable to get a copy of the Form USM 285. ECF No. 62. I granted that motion, re-extended the deadline for accomplishing service, and ordered the clerk of court to send Tagle blank copies of the Form USM 285. ECF No. 66. Tagle then moved to again extend the time to effectuate service and asked for more copies of the Form USM 285, asserting that the facility where he was being held was purposefully frustrating his attempts to properly serve the defendant. ECF Nos. 68; 69. Because Tagle was able to file a copy of the Form USM 285 with the Court (ECF No. 76 at 2), Judge Ferenbach ordered the clerk of court to reissue summons along with a copy of that form in order to facilitate service. ECF No. 86. On December 3, 2018, the summons issued to the DHS was returned as executed, showing that it had been served on November 29, 2018. ECF No. 92.

## II. PROPER SERVICE

As of today's date, the DHS has not filed an answer. Tagle has subsequently moved (five times) for entry of default, arguing that default is warranted against the DHS because the time for responsive pleadings has passed. ECF Nos. 95; 97; 101; 103; 105. Tagle is correct that Federal Rule of Civil Procedure 12(a)(2) requires that a United States agency "must serve an answer to a complaint . . . within 60 days after service . . . on the United State attorney . . . ." However,

Tagle has still not properly served the summons and Second Amended Complaint in accordance with the Rules of Civil Procedure.

Federal Rule of Civil Procedure 4 governs service. Because the DHS is a United States agency, Tagle must abide by Rule 4(i)(2), which has two operative requirements: "a party must . . . send a copy of the summons and of the complaint by registered or certified mail to the agency . . ." and "a party must serve the United States." When the summons was returned as executed on the DHS on December 3, 2018, Tagle met the first of Rule 4(i)(2)'s requirements. However, Tagle still has to serve the United States.

> To serve the United States, a party must:
> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or
> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office; [and]
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C. . . . .

Fed. R. Civ. Pro. 4(i)(1).

Tagle has not filed proof that he delivered a copy of the summons and Second Amended Complaint to either the United States Attorney for the District of Nevada[1] or to the civil-process clerk at the United States attorney's office. Nor has he sent copies of those documents to the General of the United States.[2] Therefore, Tagle has not met Rule 4(i)(1)'s requirements and has not properly served the defendant.

---

[1] The United States Attorney for the District of Nevada is Nicholas A. Trutanich. The mailing address for his office is: U.S. Attorney's Office; 501 Las Vegas Boulevard South; Suite 1100; Las Vegas, NV 89101.

[2] The Attorney General of the United States is William Barr. The mailing address for his office is: Attorney General of the United States; U.S. Department of Justice; 950 Pennsylvania Avenue, NW; Washington DC 20530-0001.

Normally, after having such a long time to properly effectuate service, Tagle's failure to do so would warrant a dismissal of his case in accordance with Rule 4(m). However, given that Tagle is pro se, is incarcerated, and has already achieved partial service, I will again extend the date by which he must complete service as detailed at the end of this order. Because Tagle has expressed difficulty in acquiring the Form USM 285 in the past, I will order the clerk of court to send him new copies of that form. Tagle is warned, however, that if he fails to properly serve the defendant before this new deadline, I will dismiss his case without prejudice.

### III. OUTSTANDING MOTIONS

Until Tagle has fully effectuated service according to Federal Rule of Civil Procedure 4(i), his motions for a speedy trial (ECF No. 85; 103; 105) and motions for default judgment (ECF Nos. 95; 97; 101; 103; 105) are premature. I therefore deny those motions. Tagle shall not file any additional motions for a speedy trial or default judgment until he has properly served the defendant in accordance with Rule 4(i)(2) and the 60-day window to respond that is provided by Rule 12(a)(2) has passed without a response from the defendant. Any motions for speedy trial or default judgement filed before that time will be automatically denied.

I also deny Tagle's motions to change venue or transfer facilities (ECF Nos. 83; 98). As Judge Ferenbach has previously observed, "[t]he Court is not persuaded that the facility holding [Tagle] or the Clerk's Office is tampering with Plaintiff's mail." ECF No. 108 at 2.

Tagle filed an objection to Judge Ferenbach's March 27, 2019 order. In that order, Judge Ferenbach denied three of Tagle's motions for a speedy trial or default judgment (ECF Nos. 96; 100; 104) because similar motions (ECF Nos. 85; 95) were still pending at the time. Those motions have now been resolved, so I overrule as moot Tagle's objections relating to his motions for speedy trial or default judgment. Judge Ferenbach also denied Tagle's motions for

5

intervention (ECF Nos. 88; 91; 93; 100; 102), because "[t]here is no conspiracy involving the Court to delay or otherwise sabotage [his] case," and "[t]he Court is not persuaded that the facility holding [Tagle] or the Clerk's Office is tampering with Plaintiff's mail." ECF No. 110 at 2. I agree with these conclusions and note that Tagle has been receiving the Court's orders and has successfully been able to file 18 documents over the last six months. Judge Ferenbach's order is not clearly erroneous or contrary to law, so I overrule Tagle's objections relating to his motions for intervention. Local Rule IB 3-1(a); FRCP 72(a); 28 U.S.C.A. § 636(b)(1).

## IV. CONCLUSION

IT IS THERFORE ORDERED that plaintiff Victor Tagle's motions to change venue or transfer facilities **(ECF Nos. 83; 98)**, motions for speedy trial **(ECF No. 85; 103; 105)**, and motions for default judgment **(ECF Nos. 95; 97; 101; 103; 105) are DENIED.**

IT IS FURTHER ORDERED that plaintiff's objection **(ECF No. 110) is overruled**.

IT IS FURTHER ORDERED that the Clerk of Court is directed to issue summons, deliver the same with copies of the Second Amended Complaint to the U.S. Marshal for service, and send two blank copies of the Form USM-285 to the plaintiff. Tagle has 20 days in which to furnish the U.S. Marshal copies of the Form USM-285 for the United States Attorney for the District of Nevada and the Attorney General of the United States. Within 20 days after receiving from the U.S. Marshal a copy of the Form USM-285 showing whether service has been accomplished, Tagle must file a notice with the Court identifying whether the defendant was properly served and how. If Tagle wishes to have service again attempted, then a motion must be filed specifying why service was not performed and whether some other manner of service

////

should be attempted. If Tagle fails to abide by any of these deadlines, I will dismiss his case for failure to timely serve.

DATED this 9th day of May, 2019.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE