# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| VICTOR TAGLE, | Case No.: 2:15-cv-02506-APG-VCF |
| Plaintiff | **Order Denying Pending Motions and Dismissing Case** |
| v. | [ECF Nos. 140, 146, 148, 149, 151] |
| DEPARTMENT OF HOMELAND SECURITY, | |
| Defendant | |

Defendant Department of Homeland Security (DHS) moves to dismiss plaintiff Victor Tagle's Second Amended Complaint. ECF No. 148. Tagle's complaint is defective for a variety of reasons, so I grant the motion.

The parties are familiar with the facts and procedural posture of this case, so I will not repeat those here except where necessary for context. For years, Tagle could not properly serve his pleadings upon DHS. I finally directed the United States Marshal to do so. ECF No. 135. That apparently was accomplished. ECF Nos. 143, 144.

DHS points out that the Second Amended Complaint is difficult to decipher and fails to assert claims over which this court has jurisdiction. Tagle contends he automatically became a "U.S. National" by joining the military, he applied for citizenship but was denied, the government is now holding him for deportation, and he "must be granted citizenship immediately." ECF No. 35 at 3-4. He also seeks "penal sanctions" against officers that allegedly demanded he pay a $5,000 bribe, but he has not named those officers as defendants.

Tagle's Second Amended Complaint is titled a "Tort Action." ECF No. 35. A claim under the Federal Tort Claims Act (FTCA) must be brought against the United States. *Kennedy*

*v. U.S. Postal Serv.*, 145 F.3d 1077, 1078 (9th Cir. 1998) ("Because the United States is the only proper party defendant in an FTCA action, the district court correctly dismissed [the] complaint as improperly filed against the Postal Service and Runyon. The FTCA is the exclusive remedy for tort actions against a federal agency, and this is so despite the statutory authority of any agency to sue or be sued in its own name. See 28 U.S.C. § 2679(a) (1998). A claim against the United States Postal Service in its own name is not a claim against the United States."). Thus, Tagle's suit against DHS is not proper.

"The timely filing of an administrative claim is a jurisdictional prerequisite to the bringing of a suit under the FTCA, . . . and, as such, should be affirmatively alleged in the complaint." *Gillespie v. Civiletti*, 629 F.2d 637, 640 (9th Cir. 1980). Tagle has not alleged that he filed an administrative claim with DHS, so dismissal is appropriate. If this were the only defect in the Second Amended Complaint, I would allow him to amend again if he could truthfully allege (and ultimately prove) that he filed an administrative claim with DHS. But because the pleading is otherwise fatally flawed, amendment would be futile.

Tagle was recently transferred from the Nevada State Prison system to the custody of the federal government, apparently for deportation processing. ECF No. 153. If his Second Amended Complaint is interpreted not as an FTCA claim but a request that I intervene in and stop his deportation proceeding, I do not have jurisdiction to do so. The Illegal Immigration Reform and Immigrant Responsibility Act states:

> Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision . . . no court shall have jurisdiction to hear any cause or claim by or on behalf of any [noncitizen] arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any [noncitizen] under this chapter.

8 U.S.C. § 1252(g). Accordingly, I have no jurisdiction to review the government's decision to commence Tagle's deportation proceeding. *See, e.g., Ramallo v. Reno*, 114 F.3d 1210, 1213 (D.C. Cir. 1997) (finding the district court lacked jurisdiction to consider plaintiff's claims seeking to restore her status as lawful permanent resident because the case arose from "the decision or action of the Attorney General to execute a removal order against" her); *see also Arce v. United States*, 899 F.3d 796, 800 (9th Cir. 2018) (distinguishing between claims arising from the execution of the removal order, which courts lack jurisdiction over, and other immigration-related claims such as challenging a violation of a court's order to stay removal, in which courts retain jurisdiction).

If Tagle's Second Amended Complaint is interpreted to be a request for naturalization, again I have no authority to order that. "Through the Immigration Act of 1990 ('IMMACT'), Congress transferred all statutory authority to naturalize persons as citizens from the judiciary to the Attorney General." *Tesfay v. Holder*, 942 F.Supp. 2d 1063, 1066 (D. Nev. 2013) (citing 42 U.S.C. § 1421(a)). "Accordingly, IMMACT eliminated the judiciary's naturalization authority present under the preceding naturalization system." *Id*. Under our current system, "Congress shifted the statutory authority to naturalize persons as citizens from the courts to the executive." *Id*. at 1067. Accordingly, I have no jurisdiction to grant Tagle the relief he requests. That authority remains with the executive branch of the federal government.

Tagle has had several opportunities over the years to correct his pleadings, yet his Second Amended Complaint remains fatally defective. Magistrate Judge Ferenbach and I have each twice pointed out the jurisdictional and other problems with Tagle's claims. ECF Nos. 2, 5, 12, 15. Yet Tagle continues to assert those claims without addressing the defects. In addition, Tagle

3

has been deemed a vexatious litigant. ECF No. 119.  Granting him another opportunity to amend would be futile.

I THEREFORE ORDER that the defendant's motion to dismiss **(ECF No. 148) is GRANTED.**

I FURTHER ORDER that all other pending motions **(ECF Nos. 140, 146, 149, 151) are DENIED AS MOOT.**

I FURTHER ORDER the clerk of the court to enter judgment accordingly and close this case.

DATED this 26th day of March, 2020.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE